ANDRÉ BIROTTE JR.
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
DOUGLAS F. McCORMICK (180415)
Assistant United States Attorney
GREGORY W. STAPLES (155505)
Assistant United States Attorney
  411 West Fourth Street, Suite 8000
  Santa Ana, California 92701
  Telephone: (714) 338-3541
  Facsimile: (714) 338-3564
  E-mail: doug.mccormick@usdoj.gov

KATHLEEN McGOVERN, Acting Chief
CHARLES G. LA BELLA, Deputy Chief (183448)
ANDREW GENTIN, Trial Attorney
Fraud Section
Criminal Division, U.S. Department of Justice
  1400 New York Avenue, N.W.
  Washington, DC 20005
  Telephone: (202) 353-3551
  Facsimile: (202) 514-0152
  E-mail: charles.labella@usdoj.gov
     andrew.gentin@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) NO. SA CR 09-00077-JVS |
|---|---|
| Plaintiff, | ) <u>GOVERNMENT'S MOTION IN LIMINE TO ADMIT FOUR EMAILS</u> |
| v. | ) Date: June 22, 2012 |
| DAVID EDMONDS, | ) Time: 9:00 a.m. |
| Defendant. | ) |

  The government submits its motion in limine to admit four emails.

DATED: June 12, 2012  Respectfully submitted,

             GREGORY W. STAPLES
             Assistant U.S. Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

Attached to this declaration are four emails the government seeks to admit at trial. The emails show defendant's knowledge that CCI sold valves to foreign governments. The evidence is as follows:

1. In an email dated April 25, 2000, defendant tells co-defendant Cosgrove "The additional 5% [commission] is for a special consultant we have in the Ministry of Energy [of Iran], Mr. Parvisi." Exhibit 1, p. 1.

2. Earlier that day, in an email exchange with CCI employee Robert Derk, defendant is told "Our friend-in-camp" is "Mr. F. Parvizi from Tanavir, Ministry of Energy, responsible manager for Power Generation Co." Exhibit 2, p. 2. Derk writes that Parvisi helped us get the two years pending order. . . ." Defendant replies that same day "Thank you for this information. I have given approval to Finance to pay the commissions." Id. at 1.

3. Later that year, defendant received another email from Derk regarding a 5% commission for CCI's "consultant," "Mr. F. Parvizi from Tavanir [sic], Ministry of Energy, responsible manager for Power Generation Co." Exhibit 3, p. 1. Defendant responded the same day "I approve the 5% commission for our consultant." Id.

4. On March 12, 2002, defendant sent an email to a number of CCI employees offering a limited number of tickets to Wimbledon "for your most important customers." Exhibit 4, p. 1-2. A reply from a CCI employee identified a consultant who worked for the "Ministry of Electricity and Water, Kuwait."

The emails show defendant's knowledge that CCI had government agencies as customers, and but that he approved bribe payments to employees of those agencies who helped CCI get business.

One of the elements the government must prove at trial is defendant's knowledge, to some degree, that the recipients of bribes were officials of foreign government agencies.  The government also expects defendant will argue, in part, that he was not aware that payments were made to foreign officials.

The government should be allowed to introduce the emails as they are direct evidence of knowledge.  The government does not intend to introduce any other evidence in connection with the underlying transaction.[1]  The relevant evidence is the statements to defendant, and his own statement, acknowledging that CCI had official customers overseas, at least one of whom received a bribe approved by defendant.

Defendant does not need additional time or documents to cross-examine or defend against these documents.  It is irrelevant what the circumstances of the transaction were, if the deal closed, or any other particulars.  What matters are the statements to defendant, that he acknowledges, and his own statement that CCI had government ministries as customers. Whether the deal closed, how much CCI made, or how long the transaction might have taken do not alter the statements or place them in a difference context.

There is no reason to exclude this otherwise admissible

---

[1] The email attached as Exhibit 4 does not involve a sale, but instead concerns CCI's entertainment of its important customers.

2

evidence.  The agreement by the government to limit the number of transactions it would present in evidence should not handicap the government from presenting direct, relevant evidence of knowledge.  Just as the Court had discretion to limit the government's presentation of its case in the interests of judicial economy, so does the Court have discretion to allow the admission of four emails that will not consume a great deal of time and will show defendant's knowledge on one of the elements of the offense.  Exclusion of the emails would not serve the truth-finding goal of a trial.