1  ANDRÉ BIROTTE JR.
   United States Attorney
2  DENNISE D. WILLETT
   Assistant United States Attorney
3  Chief, Santa Ana Branch Office
   DOUGLAS F. McCORMICK (180415)
4  Assistant United States Attorney
   GREGORY W. STAPLES (155505)
5  Assistant United States Attorney
        411 West Fourth Street, Suite 8000
6       Santa Ana, California 92701
        Telephone: (714) 338-3535
7       Facsimile: (714) 338-3561
        E-mail:   greg.staples@usdoj.gov
8
   KATHLEEN McGOVERN, Acting Chief
9  CHARLES G. LA BELLA, Deputy Chief (183448)
   ANDREW GENTIN, Trial Attorney
10 Fraud Section
   Criminal Division, U.S. Department of Justice
11      1400 New York Avenue, N.W.
        Washington, DC 20005
12      Telephone: (202) 353-3551
        Facsimile: (202) 514-0152
13      E-mail:   charles.labella@usdoj.gov
                  andrew.gentin@usdoj.gov
14
   Attorneys for Plaintiff
15 United States of America

16              UNITED STATES DISTRICT COURT

17           FOR THE CENTRAL DISTRICT OF CALIFORNIA

18                   SOUTHERN DIVISION

19 UNITED STATES OF AMERICA,      ) SA CR No. 09-00077-JVS
                                  )
20              Plaintiff,        ) PLEA AGREEMENT FOR DEFENDANT
                                  ) DAVID EDMONDS
21         v.                     )
                                  )
22 DAVID EDMONDS,                 )
                                  )
23              Defendant.        )
                                  )
24 _____       )
                                  )
25

26      1.   This constitutes the plea agreement between DAVID

27 EDMONDS ("defendant") and the United States Attorney's Office for

28 the Central District of California ("the USAO") and the United

States Department of Justice, Criminal Division, Fraud Section

("the Fraud Section") (the USAO and the Fraud Section are,

together, referred to as "the Department of Justice") in the

above-captioned case.   This agreement is limited to the

Department of Justice and cannot bind any other federal, state,

local, or foreign prosecuting, enforcement, administrative, or

regulatory authorities.

<u>RULE 11(c)(1)(C) AGREEMENT</u>

2.   Defendant understands that this agreement is entered

into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Accordingly, defendant understands that, if the Court determines

that it will not accept this agreement, absent a breach of this

agreement by defendant prior to that determination and whether or

not defendant elects to withdraw any guilty plea entered pursuant

to this agreement, this agreement will, with the exception of

paragraph 19 below, be rendered null and void and both defendant

and the Department of Justice will be relieved of their

obligations under this agreement.   Defendant agrees, however,

that if defendant breaches this agreement prior to the Court's

determination whether or not to accept this agreement, the breach

provisions of this agreement, paragraphs 21 and 22 below, will

control, with the result that defendant will not be able to

withdraw any guilty plea entered pursuant to this agreement, the

Department of Justice will be relieved of all of its obligations

under this agreement, and the Court's failure to follow any

recommendation or request regarding sentence set forth in this

agreement will not provide a basis for defendant to withdraw

defendant's guilty plea.

DEFENDANT'S OBLIGATIONS

3.    Defendant agrees to:

a)    At the earliest opportunity requested by the Department of Justice and provided by the Court, appear and plead guilty to a one-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with a violation of the Foreign Corrupt Practices Act ("FCPA"), 15 U.S.C. § 78dd-2(a), (g)(2)(A).

b)    Not contest facts agreed to in this agreement.

c)    Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the court that it impose sentence in accordance with paragraph 13 of this agreement.

d)    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e)    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f)    Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g)    Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the Department of Justice.

///

///

3

THE DEPARTMENT OF JUSTICE'S OBLIGATIONS

4.   The Department of Justice agrees to:

a)   Not contest facts agreed to in this agreement.

b)   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the court that it impose sentence in accordance with paragraph 13 of this agreement.

c)   At the time of sentencing, move to dismiss the underlying indictment as against defendant.

d)   Provided that the defendant completes one year of supervised release, if a term of supervised release is imposed by the Court, and provided further that all of defendant's financial obligations in the Court's sentence have been discharged, not to oppose defendant's motion for early termination of supervised release on the ground that defendant wishes to emigrate from the United States to Thailand with his family.

e)   In the event that any term of home detention or community confinement be ordered as a component of defendant's sentence, the Department of Justice agrees that it shall recommend that defendant be permitted to engage in business travel as follows: (1) no more than once every three months internationally for up to two weeks; and (2) no more than once every month domestically for up to one week.

f)   In the event that any term of supervised release is imposed by the Court, the Department of Justice agrees that it will not oppose defendant's request to be permitted to engage in necessary business travel either domestically or internationally during any period of supervised release.

## NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be guilty of the crime charged in count one of the information, that is, a violation of the Foreign Corrupt Practices Act, in violation of Title 15, United States Code, Section 78dd-2(a), (g)(2)(A), the following must be true:

(1) defendant is a domestic concern, or an officer, director, employee, or agent of a domestic concern;

(2) defendant acted corruptly and willfully;

(3) defendant made use or caused the use of the mails, wires, or any means or instrumentality of interstate commerce in furtherance of conduct that violates the FCPA;

(4) defendant offered, paid, promised to pay, or authorized the payment of money, or offered, gave, promised to give, or authorized the giving of anything of value to a foreign official;

(5) the payment or gift at issue in element (4) was to (a) a person the defendant knew or believed to be a foreign official or (b) any person and the defendant knew that all or a portion of such money or thing of value would be offered, given, or promised (directly or indirectly) to a person the defendant knew or believed to be a foreign official, although a belief that an individual was a foreign official does not satisfy this element if the individual was not in fact a foreign official;

(6) the payment or gift at issue was intended for at least one of four purposes: (a) to influence any act or decision of a foreign official in his or her official capacity; (b) to induce a foreign official to do or omit to do any act in violation of that official's lawful duty; (c) secure any improper advantage; or (d)

to induce a foreign official to use his or her influence with a foreign government or department, agency, or instrumentality thereof to affect or influence any act or decision of such government, department, agency, or instrumentality; and

(7) the payment or gift was intended to assist the defendant in obtaining or retaining business for or with, or directing business to, any person.

For the purposes of the FCPA, a person's state of mind is "knowing" with respect to conduct, a circumstance, or a result if (1) the person is aware that the person is engaging in the conduct, that the circumstance exists, or that the result is substantially certain to occur, or (2) the person has a firm belief that such circumstance exists or that such result is substantially certain to occur.  Knowledge is established if a person is aware of a high probability of the existence of a circumstance.

<u>PENALTIES</u>

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 15, United States Code, Section 78dd-2(a), (g)(2)(A), is: five years imprisonment; a three-year period of supervised release; a fine of $100,000 or twice the gross gain or gross loss resulting from the offense, whichever is greater; and a mandatory special assessment of $100.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the

conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant

7

1 understands that unexpected immigration consequences will not

2 serve as grounds to withdraw defendant's guilty plea.

3 FACTUAL BASIS

4     10.  Defendant admits that defendant is, in fact, guilty of

5 the offense to which defendant is agreeing to plead guilty.

6 Defendant and the Department of Justice agree to the statement of

7 facts provided below and agree that this statement of facts is

8 sufficient to support a plea of guilty to the charge described in

9 this agreement and to establish the Sentencing Guidelines factors

10 set forth in paragraph 12 below but is not meant to be a complete

11 recitation of all facts relevant to the underlying criminal

12 conduct or all facts known to either party that relate to that

13 conduct.

14     Defendant DAVID EDMONDS was the Vice-President of Worldwide

15 Customer Service at CCI from in or around 2000 through in or

16 around 2007 and oversaw CCI's replacement parts sales and the

17 servicing of existing valves.  Defendant EDMONDS was a citizen of

18 the United States and thus was a "domestic concern" as that term

19 is defined in the Foreign Corrupt Practices Act ("FCPA"), Title

20 15, United States Code, Section 78dd-2(h)(1)(A).

21     CCI was a Delaware corporation headquartered in Rancho Santa

22 Margarita, California, that designed and manufactured control

23 valves for use in the nuclear, oil and gas, and power generation

24 industries worldwide.  CCI sold its products to both state-owned

25 and private companies in over thirty countries around the world.

26 Because CCI was organized under the laws of a State of the United

27 States and had its principal place of business in the United

28 States, it was a "domestic concern" as that term is defined in

the FCPA, Title 15, United States Code, Section 78dd-2(h)(1)(B).

In conducting its business, CCI utilized a sales model known as "friend-in-camp" ("FIC"), in which CCI employees and agents cultivated relationships with, among other people, employees of its customers. FICs, who were also referred to as "consultants," sometimes included employees of CCI's state-owned customers who had the ability to influence the technical specifications of an order or otherwise to direct business to CCI. Defendant EDMONDS advocated the FIC sales model and encouraged CCI employees to take good care of FICs.

One of CCI's customers was the Public Power Corporation of Greece ("Public Power"), which owned and operated the Amynteon and Aghios Dimitrios power plants. Defendant EDMONDS knew Public Power was a Greek state-owned entity. Defendant EDMONDS understands that at any trial, the government would prove sufficient facts to demonstrate that Public Power was a government instrumentality within the meaning of the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(A) and its employees "foreign officials" within the meaning of the FCPA.

In or about 2000, CCI sought to obtain a contract for replacement valves and the servicing of existing valves at the Amynteon and Aghios Dimitrios power plants. On or about May 9, 2000, a CCI employee sought permission from defendant EDMONDS via e-mail to pay a representative approximately $45,000 as the representative "has obligations to pay some friends with the commission." On or about May 15, 2000, defendant EDMONDS responded in an e-mail as follows: "I approve the 15% commission to [the representative] for [the Amynteon and Aghios Dimitrios

9

1  orders]."

2      Although defendant EDMONDS did not actually know that the
3  approximately $45,000 was to be offered, given, or promised to an
4  employee at Public Power for the purpose of securing Public
5  Power's business, he was aware of a high probability of this
6  circumstance and failed to make additional inquiries concerning
7  the nature of the commission and the suspected recipient in order
8  to determine whether the proposed commission payment might be
9  made to an employee at Public Power for the purpose of securing
10 Public Power's business.  This awareness arose, at least in part,
11 from defendant EDMONDS's knowledge that, as described above,
12 CCI's sales model included the cultivation of FICs who sometimes
13 included employees of CCI's customers.

14     Although defendant EDMONDS did not know about the
15 prohibitions of the FCPA, defendant EDMONDS was aware that the
16 law would forbid making an undisclosed payment to an employee of
17 a customer for the purpose of securing the customer's business.

18                    SENTENCING FACTORS AND AGREED-UPON SENTENCE

19     11.  Defendant understands that in determining defendant's
20 sentence the Court is required to calculate the applicable
21 Sentencing Guidelines range and to consider that range, possible
22 departures under the Sentencing Guidelines, and the other
23 sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant
24 understands that the Sentencing Guidelines are advisory only.

25     12. Applying the November 1, 1998 Sentencing Guidelines
26 Manual, defendant and the Department of Justice agree to the
27 following applicable Sentencing Guidelines factors:
28 ///

| | | | |
|---|---|---|---|
| Base Offense Level : | 8 | U.S.S.G. § 2B4.1(a) |

Specific Offense
Characteristics–

| Value of the Bribe/ | | | |
|---|---|---|---|
| Improper Benefit : | +6 | U.S.S.G. § 2B4.1(b)(1) |

Adjustments–

| Acceptance of | | | |
|---|---|---|---|
| Responsibility : | -2 | U.S.S.G. § 3E1.1(a) |

Total Offense Level : 12

Criminal History
Category : I

Guideline Range : 10 - 16 months imprisonment

$3,000 - $30,000 fine

Except as set forth in paragraph 13, the parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

13. Defendant and the Department of Justice agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), an appropriate disposition of this case is that the court impose a sentence of: no more than 15 months imprisonment; three years supervised release with conditions to be fixed by the Court; up to a $20,000 fine; no amount of restitution; and a $100 special assessment.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

a)   The right to persist in a plea of not guilty.

b)   The right to a speedy and public trial by jury.

c)   The right to be represented by counsel – and if

necessary have the court appoint counsel – at trial.  Defendant
understands, however, that, defendant retains the right to be
represented by counsel – and if necessary have the court appoint
counsel – at every other stage of the proceeding.

d)   The right to be presumed innocent and to have the
burden of proof placed on the government to prove defendant
guilty beyond a reasonable doubt.

e)   The right to confront and cross-examine witnesses
against defendant.

f)   The right to testify and to present evidence in
opposition to the charges, including the right to compel the
attendance of witnesses to testify.

g)   The right not to be compelled to testify, and, if
defendant chose not to testify or present evidence, to have that
choice not be used against defendant.

h)   Any and all rights to pursue any affirmative
defenses, Fourth Amendment or Fifth Amendment claims, and other
pretrial motions that have been filed or could be filed.

<u>WAIVER OF STATUTE OF LIMITATIONS</u>

15.   Having been fully advised by defendant's attorney
regarding application of the statute of limitations to the
offense to which defendant is pleading guilty, defendant hereby
knowingly, voluntarily, and intelligently waives, relinquishes,
and gives up: (a) any right that defendant might have not to be
prosecuted for the offenses to which defendant is pleading guilty
because of the expiration of the statute of limitations for those
offenses prior to the filing of the superseding information
alleging those offenses; and (b) any defense, claim, or argument

1  defendant could raise or assert that prosecution of the offenses

2  to which defendant is pleading guilty is barred by the expiration

3  of the applicable statute of limitations, pre-indictment delay,

4  or any speedy trial violation.

5  ## WAIVER OF APPEAL OF CONVICTION

6      16.  Defendant understands that, with the exception of an

7  appeal based on a claim that defendant's guilty plea were

8  involuntary, by pleading guilty defendant is waiving and giving

9  up any right to appeal defendant's conviction on the offense to

10  which defendant is pleading guilty.

11  ## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

12      17.  Defendant agrees that, provided the Court imposes the

13  sentence specified in paragraph 13 above, defendant gives up the

14  right to appeal any portion of that sentence.

15      18.  The Department of Justice agrees that, provided the

16  Court imposes the sentence specified in paragraph 13 above, the

17  Department of Justice gives up its right to appeal any portion of

18  that sentence.

19  ## RESULT OF WITHDRAWAL OF GUILTY PLEA

20      19.  Defendant agrees that if, after entering a guilty plea

21  pursuant to this agreement, defendant seeks to withdraw and

22  succeeds in withdrawing defendant's guilty plea on any basis

23  other than a claim and finding that entry into this plea

24  agreement was involuntary, then (a) the Department of Justice

25  will be relieved of all of its obligations under this agreement;

26  and (b) should the Department of Justice choose to pursue any

27  charge that was either dismissed or not filed as a result of this

28  agreement, then (i) any applicable statute of limitations will be

13

tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

20.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

21.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the Department of Justice may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the Department of Justice to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the Department of Justice in writing.  If the Department of Justice declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the Department of Justice will be relieved of all its obligations under this

14

agreement, and (c) the Court's failure to follow any
recommendation or request regarding sentence set forth in this
agreement will not provide a basis for defendant to withdraw
defendant's guilty plea.

22. Following the Court's finding of a knowing breach of
this agreement by defendant, should the Department of Justice
choose to pursue any charge that was either dismissed or not
filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of
limitations is tolled between the date of defendant's signing of
this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based
on the statute of limitations, any claim of pre-indictment delay,
or any speedy trial claim with respect to any such action, except
to the extent that such defenses existed as of the date of
defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by
defendant, under oath, at the guilty plea hearing (if such a
hearing occurred prior to the breach); (ii) the agreed to factual
basis statement in this agreement; and (iii) any evidence derived
from such statements, shall be admissible against defendant in
any such action against defendant, and defendant waives and gives
up any claim under the United States Constitution, any statute,
Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the
Federal Rules of Criminal Procedure, or any other federal rule,
that the statements or any evidence derived from the statements
should be suppressed or are inadmissible.

///

15

## COURT AND PROBATION OFFICE NOT PARTIES

23.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the Department of Justice's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing.  Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

24.   Defendant understands that both defendant and the Department of Justice are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in paragraphs 12 and 13 are consistent with the facts of this case.  While this paragraph permits both the Department of Justice and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the Department of Justice's obligations not to contest the facts agreed to in this agreement.

///

1

<u>NO ADDITIONAL AGREEMENTS</u>

2        25.   Defendant understands that, except as set forth herein,
3  there are no promises, understandings, or agreements between the
4  Department of Justice and defendant or defendant's attorney, and
5  that no additional promise, understanding, or agreement may be
6  entered into unless in a writing signed by all parties or on the
7  record in court.
8  ///
9  ///
10  ///
11  ///
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1  PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2       26.   The parties agree that this agreement will be

3  considered part of the record of defendant's guilty plea hearing

4  as if the entire agreement had been read into the record of the

5  proceeding.

6  AGREED AND ACCEPTED

7  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
8
   ANDRÉ BIROTTE JR.
9  United States Attorney

10 _____        6/14/2012
                                          _____
11 DOUGLAS F. McCORMICK                   Date
   Assistant United States Attorney
12
   FRAUD SECTION, CRIMINAL DIVISION
13 U.S. DEPARTMENT OF JUSTICE

14 _____        6/14/12
                                          _____
15 CHARLES G. LA BELLA                    Date
   Deputy Chief
16
17 _____        6/14/12
                                          _____
18 ANDREW GENTIN                          Date
   Trial Attorney
19
20 _____        14-June-2012
                                          _____
   DAVID EDMONDS                          Date
21 Defendant

22                                        6-14-2012
                                          _____
23 _____       Date
   DAVID W. WIECHERT
   Attorney for Defendant
24 DAVID EDMONDS

25

26

27

28

                              18

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had
enough time to review and consider this agreement, and I have
carefully and thoroughly discussed every part of it with my
attorney. I understand the terms of this agreement, and I
voluntarily agree to those terms. I have discussed the evidence
with my attorney, and my attorney has advised me of my rights, of
possible pretrial motions that might be filed, of possible
defenses that might be asserted either prior to or at trial, of
the sentencing factors set forth in 18 U.S.C. § 3553(a), of
relevant Sentencing Guidelines provisions, and of the
consequences of entering into this agreement. No promises,
inducements, or representations of any kind have been made to me
other than those contained in this agreement. No one has
threatened or forced me in any way to enter into this agreement.
I am satisfied with the representation of my attorney in this
matter, and I am pleading guilty because I am guilty of the
charges and wish to take advantage of the promises set forth in
this agreement, and not for any other reason.

_____          14- June - 2012
DAVID EDMONDS                             Date
Defendant

19

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am DAVID EDMONDS's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty pleas pursuant to this agreement.

_____        6\14\2012
DAVID W. WIECHERT                       Date
Attorney for Defendant
DAVID EDMONDS