UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> DAVID EDMONDS, <br> Defendant. | SA CR No. 09-00077(E)-JVS <br><br> <u>S U P E R S E D I N G</u> <br> <u>I N F O R M A T I O N</u> <br><br> [15 U.S.C. § 78dd-2: Foreign Corrupt Practices Act] |

The United States Attorney charges:

INTRODUCTION

At all times relevant to this Superseding Information:

1.   The Foreign Corrupt Practices Act of 1977 ("FCPA"), as amended, Title 15, United States Code, Sections 78dd-1, *et seq.*, was enacted by Congress for the purpose of making it unlawful, among other things, for certain United States persons and business entities to act corruptly in furtherance of an offer, promise, authorization, or payment of money or anything of value to a foreign government official (or to any person, while knowing

1 | that the money or thing of value will be offered, given or
2 | promised to a foreign official), for the purpose of securing any
3 | improper advantage, or of assisting in obtaining or retaining
4 | business for and with, or directing business to, any person.
5 |     2.    Control Components, Inc. ("CCI") was a Delaware
6 | corporation headquartered in Rancho Santa Margarita, California,
7 | that designed and manufactured service control valves for use in
8 | the nuclear, oil and gas, and power generation industries
9 | worldwide.  CCI sold its products to both state-owned enterprises
10 | and private companies in approximately thirty countries around
11 | the world.  Because CCI was organized under the laws of a State
12 | of the United States and had its principal place of business in
13 | the United States, it was a "domestic concern" as that term is
14 | defined in the FCPA, Title 15, United States Code, Section 78dd-
15 | 2(h)(1).
16 |     3.    Defendant DAVID EDMONDS ("EDMONDS") was Vice-President
17 | of Worldwide Customer Service at CCI from in or around 2000
18 | through in or around 2007.  Defendant EDMONDS was a citizen of
19 | the United States and an employee and agent of CCI and thus a
20 | "domestic concern" as that term is defined and used in the FCPA,
21 | Title 15, United States Code, Section 78dd-2(h)(1).
22 |     4.    CCI's customers included Public Power Corporation of
23 | Greece ("Public Power") in Greece.  Public Power was a
24 | department, agency, and instrumentality of a foreign government,
25 | within the meaning of the FCPA, Title 15, United States Code,
26 | Section 78dd-2(h)(2)(A).  The officers and employees of Public
27 | Power were "foreign officials" within the meaning of the FCPA,
28 | Title 15, United States Code, Section 78dd-2(h)(2)(A).

## COUNT ONE

### [15 U.S.C. § 78dd-2]

5. Paragraphs 1 through 4 are realleged and incorporated by reference as through set forth herein.

6. On or about May 15, 2000, in the Central District of California and elsewhere, defendant EDMONDS, did willfully make use of the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official, and to a person, while knowing that all or a portion of such money and thing of value would be offered, given, and promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his influence with a foreign government and instrumentalities thereof to affect and influence acts and decisions of such government and instrumentality, in order to assist defendant EDMONDS and others in obtaining and retaining business for and with, and directing business to, CCI and others, to wit, defendant EDMONDS corruptly caused an e-mail to be sent authorizing the payment of approximately $45,000 to officials of Public Power for the purpose of securing Public Power's business.

///
///

In violation of Title 15, United States Code, Section 78dd-2.

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

*/s/ Dennise D. Willett*

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office

DOUGLAS F. McCORMICK
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

KATHLEEN McGOVERN
Acting Chief, Fraud Section
Criminal Division
United States Department of Justice

*/s/ Charles G. La Bella*

CHARLES G. LA BELLA
Deputy Chief, Fraud Section
Criminal Division
United States Department of Justice

ANDREW GENTIN
Trial Attorney, Fraud Section
Criminal Division
United States Department of Justice

4